IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICKEY R. BAKER,                )
                                )
        Plaintiff,               )
                                )
v.                              )     Case No. CIV-12-425-R
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
        Defendant.              )

## REPORT AND RECOMMENDATION

Mr. Mickey Baker applied for disability benefits in the Social Security Administration, but the administrative law judge denied the application based on the ability to perform *medium* work and return to past employment as a security guard. Mr. Baker then submitted a medical assessment in 2011 by a treating physician, Edward Lee, and sought review by the Appeals Council. The Appeals Council made Dr. Lee's assessment part of the record, but denied review. The Plaintiff appeals the denial of review, and the Court must decide three questions:

- Did the Appeals Council consider Dr. Lee's assessment?

- Did the Appeals Council have a duty to explain its evaluation of Dr. Lee's assessment?

- With Dr. Lee's assessment, was the evidence sufficient for the agency to find an ability to perform medium work?

The Appeals Council considered Dr. Lee's assessment, but had no duty to provide a rationale. Even with Dr. Lee's assessment, the evidence sufficed for a reasonable fact-finder to conclude that Mr. Baker could perform medium work. Accordingly, I recommend that the Court affirm the administrative denial of benefits.

I. Did the Appeals Council Consider Dr. Lee's Assessment?

Dr. Lee's 2011 assessment appears at pages 265, 266, and 267 of the record, and the Appeals Council said that it had considered these pages and made them part of the record.[1] The Court must take the Appeals Council at its word when it said that it had considered the three pages.[2]

II. Did the Appeals Council Have a Duty to Explain Its Evaluation of Dr. Lee's 2011 Assessment?

The Appeals Council said that Dr. Lee's assessment and other newly submitted evidence did not "provide a basis for changing the Administrative Law Judge's decision."[3] The Plaintiff contends that this explanation was inadequate because the Appeals Council did not say why it was rejecting Dr. Lee's assessment. This contention is invalid because the Appeals Council had no duty to state why it was denying review.[4]

---

[1] R. at pp. 1, 5.

[2] *See Hackett v. Barnhart*, 395 F.3d 1168, 1172-73 (10th Cir. 2005) (concluding that the court should take the Appeals Council "at its word" when it said that it had considered particular evidence).

[3] R. at pp. 1-2.

[4] *See Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006) (holding that the Appeals Council had no duty to discuss newly submitted records of a treating physician).

III.  Was the Evidence Substantial for the Agency's Finding that the Plaintiff Could Perform Medium Work?

Although the Appeals Council had no duty to explain its denial of review, the evidence had to be *substantial* for the administrative determination that Mr. Baker could perform medium work. Even with Dr. Lee's 2011 assessment, the evidence would have allowed a reasonable decision-maker to find an ability to perform medium work.

Evidence is considered *substantial* if it is enough for a reasonable person to "'accept as adequate'" for a conclusion.[5]

A physician (Dr. Charles Howard) examined Mr. Baker and found good hand strength, normal range of motion, and no neck or back pain.[6] Two other consulting physicians reviewed Dr. Howard's report and found that Mr. Baker could stand or walk six hours per day, frequently lift 25 pounds, and occasionally lift 50 pounds.[7]

In the newly submitted report, Dr. Lee said in September 2011 that Mr. Baker could lift less than ten pounds, stand or walk less than two hours in a workday, and sit less than six hours in a workday.[8] But Dr. Lee was assessing Mr. Baker's condition about eight months after the end of the relevant period (when the ALJ made a decision). Because Dr. Lee's opinion did not clearly relate to Mr. Baker's earlier condition, the agency could rely on

---

[5]   *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (citation omitted).

[6]   R. at pp. 198-99, 202.

[7]   R. at pp. 218, 243.

[8]   R. at pp. 265-67.

contrary assessments by the two consulting physicians.[9] In these circumstances, the record (including Dr. Lee's assessment) provided substantial evidence for the agency's denial of benefits.

IV. Proposed Ruling

I recommend that the Court affirm the administrative decision to deny benefits because: (1) the Appeals Council considered the new records from Dr. Lee and had no duty to say why it was denying review, and (2) the administrative decision is supported by substantial evidence.

V. Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[10] The deadline is December 15, 2012, and the failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[11]

VI. Status of the Referral

The referral is discharged.

---

[9] *See Herrera v. Barnhart*, 69 F. App'x 438, 441-42 (10th Cir. 2003) (stating that the evidence was substantial notwithstanding a treating doctor's medical source statement, which post-dated the ALJ's decision, because it did not relate to the period on or before the ALJ's decision).

[10] *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[11] *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 28th day of November, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge